UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA GEITGEY, | ) | CASE NO. 5:21-CV-00781 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| CENTENE MANAGEMENT CO. LLC, | ) ) | **ORDER** |
| Defendant. | ) ) ) ) | |

This matter is before the Court on Plaintiff Cynthia Geitgey's Motion to Compel Discovery and Extend Opposition Deadline. Doc. 27. In sum, Plaintiff contends that Defendant has wrongfully withheld documents and as a result, Plaintiff needs more time to oppose Defendant's motion for summary judgment. For the reasons set forth below, Plaintiff's motion is DENIED.

In her motion, Plaintiff lambasts Defendant for its alleged "obstructionist" position regarding the production of the documents at issue, while willfully ignoring her own dilatory tactics. For example, Plaintiff attempts to bolster her position by explaining that she initially sought these documents on October 11, 2021. She describes the subsequent 11-month exchange of communications on this issue to establish that she has been diligently pursuing this case and that Defendant has "stonewalled all attempts at getting the records." Doc. 27, p. 5. Thus, Plaintiff asserts that she was forced to subpoena a third party "to obtain the records quickly" after Defendant refused to provide them. Doc. 27, p. 1. Plaintiff carefully avoids acknowledging that she never elevated this issue to the Court, despite multiple opportunities to do so. Further, she omits entirely the fact that the subpoena was issued on July 27, almost **a month** after the July 1, 2022 discovery cut-off date. In fact, at no point in her Motion to Compel does Plaintiff explain *why* she failed to

1

obtain these documents prior to July 1, 2022 or why she failed to enlist the Court's assistance when it became apparent she could not meet the deadline.

There can be no dispute that the parties were made aware of this Court's expectation that they comply with the Northern District of Ohio Local Rule 37.1, which sets forth the procedure for handling discovery disputes. Doc. 14, p. 3. The Rule requires the parties to contact the Court after making a sincere, good-faith effort to resolve the dispute. If the Court is unable to resolve the dispute via telephone conference or written correspondence, only then may the parties file memoranda in support of and in opposition to the requested discovery. Local R. 37.1. Finally, Rule 37.1 states that "[n]o discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date." Local R. 37.1.

There is no dispute that the discovery cut-off deadline in this case was July 1, 2022. Doc. 22. Plaintiff's motion was filed on August 19, 2022 and is clearly untimely. Doc. 27. Plaintiff offers no excuse or explanation for this delay.

As noted above, Plaintiff contends that she first sought the documents at issue on October 11, 2021. Plaintiff further states that she informed Defendant of the perceived deficiency on March 14, 2022. On June 7, 2022, the parties informed the Court that they were having a discovery dispute and sought a telephone conference. Upon the Court's response to schedule the matter, Plaintiff informed the Court that "[i]t is a discovery issue and we are going to try and work through it via subpoena. I don't think we need a conference at this time." In their joint June 16, 2022 status report, the parties noted that they were "working through an issue involving the production of records that are maintained by an outside agency. A subpoena may need to be issued." Doc. 23, p. 2. The parties continued to discuss the issue through the July 1, 2022 discovery cut-off date, apparently agreeing to subpoena the documents at issue from a third party after the cut-off date.

2

This is in direct contradiction to this Court's order that "[s]tipulations or agreements by counsel to extend deadlines will not be grounds for extending limitations set in the CMC." (Doc. 14, p. 1-2).

At the July 17, 2022 telephonic status conference, the parties informed the Court that discovery was complete and dispositive motions were on track to be filed by the July 29, 2022 deadline. Although Plaintiff mentioned a third-party subpoena, there was no indication that, despite the discovery cut-off deadline having already passed, this subpoena would have any impact on dispositive motion deadlines or that there was any dispute for the Court to resolve.

Plaintiff did not issue the subpoena until July 27, 2022. On July 28, 2022, the subpoenaed party objected to the subpoena on various grounds, including that it failed to allow a reasonable time to comply, it failed to specify the records requested, it was untimely as the discovery cut-off date was July 1, 2022, it sought confidential information, and that Defendant had equal access to the information. Doc. 27-6, p. 2. Plaintiff then went back to Defendant to demand production of the documents at issue. Doc 27-7, p. 6. On August 1, 2022, Plaintiff informed Defendant that given the response of the third party, she would "likely file a motion to compel and for a continuance of the MSJ response date until the records are provided." Doc. 27-2, p. 6. Despite this ongoing issue and threat to compel the documents, Plaintiff did not file this motion until August 19, 2022, roughly one week before her opposition to Defendant's motion for summary judgment is due.

Because Plaintiff failed to comply with Local Rule 37.1 and fails to otherwise establish that she is not responsible for the delay herein, her motion to compel and for an extension of the deadline to oppose Defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

DATED: **August 24, 2022**          */s/ John R. Adams*
                                                    Judge John R. Adams
                                                    UNITED STATES DISTRICT COURT