UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA GEITGEY, | ) | CASE NO. 5:21-CV-00781 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| CENTENE CORPORATION | ) | **ORDER AND DECISION** |
| | ) | (Resolves Doc. 25) |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Defendant Centene Corporation's motion for summary judgment. Doc. 25. Plaintiff Cynthia Geitgey opposed the motion and Defendant replied. Docs. 29, 30. For the following reasons, Defendant's motion for summary judgment is GRANTED and this matter is DISMISSED.

I.      **RELEVANT FACTS**

Plaintiff began employment with Defendant[1] on September 10, 2018, in a Lead Clinical Operations role, reporting to Christy Snyder ("Snyder"). Doc. 25-6, p. 1. Plaintiff's regular work hours were 40 hours a week, 8:00 a.m. to 5:00 p.m.  Plaintiff felt that her duties could not be completed in a standard work week and therefore regularly worked after her scheduled hours. Doc. 29-1, p. 2. Snyder noted Plaintiff's issues with performing her job within her scheduled hours and that she was falling behind in completing her tasks.  Doc. 25-6, p. 1.  Snyder coached Plaintiff and assigned a co-worker to assist Plaintiff with her work. Id. In December 2018, Snyder obtained pre-

---

[1] "Centene provides administrative and business support for various healthcare solutions that are offered to recipients of government-sponsored health care, including Medicare and Medicaid, and privately insured health care programs." Doc. 25-6, p. 1.

1

authorization for Plaintiff to work up to four hours of overtime a week as needed. Doc. 25-6, p. 2. In February 2019, Plaintiff was pre-authorized to work up to eight hours of overtime per week.

On August 29, 2019, Defendant issued Plaintiff a written performance warning because Plaintiff failed to timely complete her work tasks.  Plaintiff's performance had not improved by November 2019; therefore, Snyder assigned another employee to complete Plaintiff's back log, leaving Plaintiff with a clean slate going forward.

In January 2020, Snyder was promoted, and Latissha Perry ("Perry") became Plaintiff's direct supervisor. Perry noticed that Plaintiff was struggling with her workload and spoke with Plaintiff regarding her concerns. 25-7, p. 1. Perry noted Plaintiff was working overtime without her approval and on March 30, 2020, questioned Plaintiff why she was working unauthorized overtime. Perry informed Plaintiff that she was no longer preauthorized to work overtime and would need approval going forward.

In September 2020, Perry placed Plaintiff on a performance improvement plan ("PIP") due to performance issues including falling behind in her work. Doc. 25-7, p. 1. In October 2020, Defendant investigated Plaintiff's claim that she worked overtime without approval or clocking in on Defendant's timekeeping system to ensure she was accurately compensated. Doc. 25-8, p. 1. During the investigation and while on the PIP, Plaintiff continued to work unauthorized overtime hours and to fall behind with her work. Neither Defendant nor Plaintiff could determine the exact amount of overtime hours she worked. Plaintiff informed Defendant that she estimated she worked ten hours of overtime beginning March 30, 2020. Doc. 25-2, p. 6. Accordingly, on February 5, 2021, Defendant paid Plaintiff for 302 hours of overtime, $16,060.08, to compensate for the hours she estimated she worked off the clock from March 30-2020 to February 2021. Doc. 25-8, p. 1.

Defendant terminated Plaintiff on February 2, 2021. On April 13, 2021, Plaintiff filed the instant complaint, alleging in relevant part that Defendant violated the Fair Labor Standards Act by not paying her overtime hours. Plaintiff later clarified that her claim was limited to her alleged overtime hours from the start of her employment, September 10, 2018, to March 30, 2020.

## II.  <u>LEGAL STANDARD</u>

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law * * *.

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *White v. Turfway Park Racing Ass'n, Inc.,* 909 F.2d 941, 943–944 (6th Cir. 1990).

A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–1480 (6th Cir. 1989) (citing *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus,* 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant

must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

III.    <u>LAW AND ANALYSIS</u>

    A.    **Plaintiff's Fair Labor Standards Act Violation Claim**

Plaintiff asserts that Defendant violated the Fair Labor Standards Act, 29 U.S.C. §207, by not paying her overtime compensation from October 2018 to March 30, 2020. Plaintiff further contends that Defendant failed to keep records of her hours in violation of 29 U.S.C. §§201-219, 29 C.F.R. §516.2(a)(7). Doc. 1, p. 3-4. Specifically, Plaintiff contends that she worked as many as 20 hours per week for which she was not compensated. Doc. 29, p. 9.

The Fair Labor Standards Act (FLSA), requires employers to pay overtime to employees who work more than 40 hours per week. 29 U.S.C. § 207(a)(1). Pursuant to the FLSA, an employer must pay an employee overtime compensation at the rate of not less than one and a half times the regular pay for every hour over 40 hours. 29 U.S.C. §207(a)(1). Plaintiff bears the burden to prove that she has performed overtime work for which she was not compensated. *Viet v. Le*, 951 F.3d at 822, quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

Defendant moves for summary judgment asserting that Plaintiff's conclusory statements regarding overtime does not meet her burden to establish liability under the FLSA. Doc. 25-1, p. 19. Plaintiff contends that her own testimony regarding overtime is enough to satisfy her burden and the summary judgment stage.

This case is directly governed by the Sixth Circuit Court of Appeals in *Viet v. Le*, 951 F.3d 818 (6th Cir. 2020). The issue in *Viet* was whether the evidence Plaintiff presented in his motion for summary judgment would permit a reasonable jury to conclude that he worked more than 40 hours per week. *Id.* at 822. According to the Court, a plaintiff cannot survive a motion for summary

4

judgment by simply putting forth a "conclusory statement" about overtime work because it does not allow a rational jury to conclude that he worked overtime. *Id*. at 825. "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that would defeat summary judgment." *Id*., citing *Alexander v. CareSource*, 576 F.3d 551, 560 (6ᵗʰ Cir. 2009). The Court explained:

> When applying these general Rule 56 standards in this FLSA context, courts have considered the level of evidence that employees must present to create a jury question over whether they worked overtime. Generally speaking, if an employee describes a specific work schedule exceeding 40 hours, courts have found the testimony sufficient. If, by contrast, the employee testifies generally that the employee worked overtime without providing details to support this claim, courts have found that the testimony falls short.

Viet, 951 F.3d at 823.

Plaintiff testified that she believed her job was a two-person job. Doc. 25-2, p. 9. Plaintiff testified that she worked 8:00 am to 5:00 pm. each day with a 30-minute lunch break and two 15-minute breaks. Doc. 29-2, p. 13. She stated that she "worked through my lunch on several occasions in which Mrs. Snyder was aware, but was not paid for that time." Doc. 29-1, p. 3. She testified that she worked approximately 20 hours of overtime each week from October 2018 to March 2020. Doc. 29-2, p. 19. In her declaration, Plaintiff explained that "after I clocked out for the day, I continued working as many as ten (10) additional hours per day. It varied depending upon how many cases I was assigned and was increased more so during COVID-19." Doc. 29-1, p. 3.[2]

Plaintiff and Snyder testified that in December of 2018, Plaintiff was given authority to work up to four hours of overtime each week, as needed. Doc. 25-2, p. 10, 30; Doc. 25-3, p. 132;

---

[2] The Court notes that the time period at issue herein is October 2018 through March 2020. Therefore, references to working during COVID-19, which began roughly in March of 2020, is not relevant.

25-5, p. 9-10. Two months later, in February of 2019, Defendant pre-authorized Plaintiff an additional four hours of overtime hours. Doc. 25-2, p. 30, Doc. 25-3, p. 132; Doc. 25-6, p. 2. Plaintiff utilized the authorized overtime, submitted the hours on her time sheet and was paid accordingly. Doc. 25-2, p. 19-21; Doc. 25-3, p. 37-122. Further Plaintiff testified that her own contemporaneous handwritten notes regarding her hours worked matched up with what she submitted to and was paid by Defendant. Doc. 25-2, p. 67.  She explained that despite being told by her manager to keep track of all her hours, she did not record the extra overtime hours. Doc. 25-2, p. 67. In March of 2020, Plaintiff's new manager, Letisha Perry, revoked the pre-authorized overtime. Doc. 29-1, p. 3.

Plaintiff contends that her testimony that she worked approximately 20 hours of overtime each week alone is sufficient survive summary judgment.  Doc. 29, p. 9. Plaintiff points to *Moran v. Al Basit, LLC*, 788 F.3d 201, 205 (6th Cir. 2015) to support this proposition.  Indeed, the *Moran* Court held that Moran's testimony alone created a genuine dispute of material fact because his "testimony coherently describe[d] his weekly work schedule, including typical daily start and end time which he used to estimate a standard work week of sixty-five to sixty-eight hours." *Id. at 205*. The *Viet* Court recognized *Moran*, and distinguished it as follows:

> And unlike *Moran* and *Keller*—where the evidence established specific day-to-day hourly routines that added up to well over 40 hours per week, see *Moran*, 788 F.3d at 202-03; *Keller*, 781 F.3d at 816—Viet did not fill in his general 60-hour estimate with specific facts about his daily schedule. Without Viet's general estimate, his deposition testimony would leave a jury simply guessing at the number of hours he worked in any given week.

> *Viet*, 951 F.3d at 824. The excerpts of Plaintiff's deposition transcript provided to this Court contain nothing more than conclusory statements: that she averaged 20 hours of overtime a week.

Plaintiff contends that the evidence is not limited to this statement but also claims that she testified about "facts of her work." Doc. 29, p. 10.  She states (without citation to the record) that,

> to stay on top of the ever-increasing work-load, Plaintiff logged into Defendant's system while at home.  She also stated that she worked through lunch, and while on vacation.  The varied email exchanges speak to the fact that Plaintiff was overburdened by her workload and that she pleaded for help.

Doc. 29, p. 10. However, this testimony does not provide any clarity to her contention that she worked 20 hours a week in uncompensated overtime. As noted above, Plaintiff was pre-authorized overtime, which she used and was compensated for. This was in response to her complaints regarding her workload. Further, her claim herein is not about unpaid vacation time, but rather limited to uncompensated overtime.  Therefore, statements that she worked while on vacation do not support her allegation of uncompensated overtime.

Plaintiff contends that there is documentary evidence to support her testimony that she worked uncompensated time.  Plaintiff points to documentation of her attempts to log in to work from her home using a VPN from March 3, 2019 to March 30, 2020. Doc. 23, p. 10; Doc. 29-1, p. 5-20.

> The Defendant's own records support the Plaintiff's claim. The access log for Defendant's VPN (virtual private network) shows that the Plaintiff was logging onto the Defendant's VPN system after hours. Centene Bates #000567, attached as Ex. A to Geitgey Decl. For instance, on April 9, 2019, the Plaintiff logged onto the system at 1:29 a.m. and at 1:00 a.m. two days later. In all, the records establish that the Plaintiff logged onto the Defendant's VPN after -hours twenty-five (25) times between March 30, 2019 and March 30, 2020. The Plaintiff acknowledges that she was working at those times. Geitgey Decl., ¶14.

Plaintiff concedes that this log on information "does not establish the work that was done or how long she worked[.]" Doc. 29, p. 10. Assuming the accuracy and authenticity of these

records,[3] the VPN log on information actually undercuts Plaintiff's testimony. A comparison between Plaintiff's VPN log on information and her paystubs from the relevant time periods shows that every log on date listed corresponds to a pay stub wherein Plaintiff was paid either overtime, sick time, holiday time or vacation time.[4] Doc. 29, p. 10-11, Doc. 30-1, p. 74. Notably, a critical review of the April l9 and 11, 2019 log on dates from Plaintiff's example above, shows that she was paid for 17 hours of overtime. Doc. 30-1, p. 74. The log on information does not support Plaintiff's contention that she worked unpaid overtime. Rather, it calls into question her testimony that she worked in excess of the overtime hours she was already paid.

Further, Plaintiff contends that "email communications between Plaintiff and others, including Mrs. Synder, show that Plaintiff was working after she clocked out for the day and on her days off." Doc. 29, p. 11. Specifically, Plaintiff points to emails dates April 4, 2019, May 2, 2019, October 8, 2019, November 10, 2019, December 22, 2019 and December 25, 2019. Like the Court's comparison of VPN log ons to pay stubs, each of these emails occurred during a pay period wherein Plaintiff was paid for overtime. Doc. 30-1, p. 74, 90, 95, 131, 123. Accordingly, these emails do not support Plaintiff's contention that she worked uncompensated overtime, rather than just the overtime for which she was paid.

Accordingly, Plaintiff's testimony regarding alleged unpaid overtime is conclusory and does not create a genuine issue of material fact that she worked uncompensated overtime hours for the time period in question. As such, Defendant's motion for summary judgment is granted.

---

[3] For summary judgment purposes, the Court must look at the facts in the light most favorable to Plaintiff. Plaintiff's brief citations do not lead to the purported VPN log. Upon review of the provided record, this Court could not locate where or when this document was authenticated during a deposition. The Court located the document attached to Plaintiff's own declaration. Doc. 29-1, p. 5-20. Plaintiff declares that this document was provided by Defendant, but the exhibit itself is not bates stamped. In reply, Defendant contends that these records were inaccurate and that "Plaintiff was specifically advised that this data did not have the correct time zone." Doc. 30, p. 4 fn. 3.

[4] With the exception of March 1, 2020 and March 7, 2020 as the paystub from this time period is missing from the exhibit.

IV.     **CONCLUSION**

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED

and this matter is DISMISSED.

IT IS SO ORDERED.

DATE: February 17, 2023                    /s/ *John R. Adams*
                                           Judge John R. Adams
                                           UNITED STATES DISTRICT COURT